UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| L3C ALDEN PARK APARTMENTS, LLC,    Plaintiff | : : : : | |
| v. | : : | No. 22-cv-4893 |
| KATRINA GARNER,    Defendant. | : : | |

| | | |
|---|---|---|
| KATRINA GARNER,    Plaintiff, | : : : : | |
| v. | : : | No. 22-cv-5129 |
| L3C ALDEN PARK APARTMENTS, LLC,    Defendant. | : : : | |

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                                      **December 27, 2022**
**United States District Judge**

      In Civil Action 22-5129, Katrina Garner has filed a Complaint and Request for Emergency Injunction invoking the Court's federal question jurisdiction. Named as Defendant is L3C Alden Park Apartments, LLC ("L3C"). In Civil Action 22-4893, Garner removed a case pending in the Philadelphia Municipal Court to this Court that had been brought by L3C for a writ of possession to evict her from her apartment.[1] In both cases she seeks leave to proceed *in*

---

[1] In her Notice of Removal in Civil Action 22-4893, Garner failed to attach a copy of the state court complaint she sought to remove. She did, however, attach it to her Complaint in Civil Action 22-5129. (*See* No. 22-5129, ECF No. 2-1.) It is thus clear that the removed action was the state court eviction proceeding pending in the Philadelphia Municipal Court, *L3C Alden Park Apartments, LLC v. Garner*, No. LT-22-07-11-3530 (Phil. Mun. Ct.)

*forma pauperis*.  For the following reasons, the Motions to Proceed *In Forma Pauperis* will be granted, Civil Action 22-5129 will be dismissed, and Civil Action 22-4893 will be remanded to state court.

## I.     FACTUAL ALLEGATIONS

In Civil Action 22-5129 Garner seeks an emergency injunction to retake possession of a rental unit owned by L3C from which she has been evicted due to alleged nonpayment of rent. L3C apparently received a court order in Philadelphia Municipal Court signed by Judge Christine Hope and evicted Garner pursuant to the order on November 28, 2022.  (No. 22-5129, Compl. (ECF No. 2) at 5.[2])  Garner asserts that exhibits submitted by counsel for L3C were inaccurate, she was not properly served with the eviction papers, there was fraud on the court, and she was deprived of her constitutional rights.  (*Id*.)  She has been left homeless with her five children as a result of the lock out.  (*Id*. at 5-6.)  She also asserts that acts of a non-defendant who acted as L3C's attorney in filing the writ of possession constitute a debt collection, and the attorney violated the Fair Debt Collection Practices Act.  (*Id*. at 6.)  She asserts the attorney lied in documents presented to the Municipal Court about her refusal to engage in a "diversion" program, that the return of service asserting that she accepted service of the state court process was untrue, and a "corporation (presumably L3C) can not sign a power of attorney or give any attorney verbal instructions to act on its behalf.  Therefore, No attorney can lawfully represent a corporation in court."  (*Id*.)  She asserts that her due process rights were thereby violated, a non-defendant Garner identifies as L3C's property manager violated her right to privacy and violated 18 U.S.C. § 241[3] by recording the eviction, and money damages at a later time will not

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.
[3] The federal criminal statute Garner cites, 18 U.S.C. § 241, establishes criminal liability for certain deprivations of civil rights.  *Molina v. City of Lancaster*, 159 F. Supp. 2d 813, 818

2

compensate her for her injuries due to her being made homeless. (*Id*. at 6-7.) As relief, she asks this Court to "vacate summary judgment so that [she] can have a fair trial in due process which is her Constitutional Rights." (*Id*. at 8.)

## II. STANDARD OF REVIEW

Garner is granted leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Garner is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

(E.D. Pa. 2001); *Figueroa v. Clark*, 810 F. Supp. 613, 615 (E.D. Pa. 1992); *see United States v. Philadelphia*, 644 F.2d 187 (3d Cir. 1980) (declining to create civil remedy under 18 U.S.C. §§ 241 and 242). However, a plaintiff cannot bring criminal charges against defendants through a private lawsuit, and this section does not give rise to a civil cause of action. *U.S. ex rel. Savage v. Arnold*, 403 F. Supp. 172 (E.D. Pa. 1975). Thus, even if Garner had named the property manager as a defendant, any claim under § 241 would not be plausible. To the extent the claim is asserted against L3C, it is dismissed with prejudice.

When allowing a plaintiff to proceed *in forma pauperis* the Court must also dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  "The burden of establishing federal jurisdiction rests with the party asserting its existence."  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III.   DISCUSSION

#### A.   Civil Action 22-5129

Garner asserts federal question jurisdiction and seeks to assert constitutional claims to obtain emergency injunctive relief in Civil Action 22-5129.  The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions.  "The standards for a temporary restraining order are the same as those for a preliminary injunction."  *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994).  Preliminary injunctive relief "is not granted as a matter of right."  *Kershner v. Mazurkiewicz*, 670 F.2d 440,

443 (3d Cir. 1982). Rather, a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019). "The first two factors are prerequisites for a movant to prevail." *Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). "A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate." *Nutrasweet Co. v. Vit-Mar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999). Additionally, if the request for injunctive relief centers on the ownership of money, any injury cannot plausibly be deemed to be irreparable. *See Tantopia Franchising Co., LLC v. W. Coast Tans of PA, LLC*, 918 F. Supp. 2d 407, 417 (E.D. Pa. 2013) ("Irreparable harm is injury that cannot adequately be compensated by monetary damages.")

   Garner cannot show that she is likely to succeed on the merits. Her claim is essentially a bid to overturn the state court ordered eviction. "Federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, a federal district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting

district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Because this Court has no jurisdiction to overturn the Municipal Court's eviction order, which was entered before this case was commenced, Garner cannot succeed on the merits of her due process claims attacking that order.

### B. Removal of Eviction Proceeding

In Civil Action 22-4893, Garner attempts to remove to this Court the underlying eviction proceeding in which she is the Defendant asserting "no one can be deprived of civilian due process based on/because of payment." (No. 22-4893, ECF No. 2.) Pursuant to 28 U.S.C. § 1441(a), a defendant "may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). "In order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint." *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) (quotations omitted). Accordingly, the existence of federal defenses to a complaint generally does not support removal under § 1441 and § 1331. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004).

Pursuant to § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005). "The statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal." *Id.* Further, the Court "has a

continuing obligation to *sua sponte* raise the issue of subject matter jurisdiction if it is in question." *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002).

Because the existence of Garner's federal defense to the eviction proceeding in the form of an alleged due process violation generally does not support removal, and there is no other basis for the exercise of federal question jurisdiction, the case will be remanded to the Philadelphia Municipal Court.

## IV. CONCLUSION

For the reasons stated, Garner has not demonstrated that she will likely prevail on the merits of her claim and is thus not entitled to emergency injunctive relief to overturn the state court's eviction decree. She has also not demonstrated that the underlying eviction proceeding is subject to removal to this Court. An appropriate order follows dismissing Civil Action 22-5129 without prejudice for lack of jurisdiction and remanding Civil Action 22-4893 to state court.

                                        BY THE COURT:

                                        */s/ Joseph F. Leeson, Jr.*_____
                                        JOSEPH F. LEESON, JR.
                                        United States District Judge